IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TIFFANY D. JONES,**

  **Plaintiff,**

  v.             Case No. 1:10-CV-692
               JUDGE DLOTT
               MAGISTRATE JUDGE KING

**MARY BETH GIANNI,** *et al.,*

  **Defendants.**

## REPORT AND RECOMMENDATION

  This matter is before the Court for consideration of the Defendants' *Motions to Dismiss*, Doc. Nos. 5, 6 and 11.  For the reasons that follow, it is recommended that the motions be granted.

### I.

  Plaintiff Tiffany D. Jones ["Plaintiff"], who is proceeding without the assistance of counsel, filed this action against Fifth Third Bank, attorneys Mary Beth Gianni and Scott E. Collister, and Ohio Magistrate Michael Bachman ["Defendants"] in connection with a foreclosure action initiated against Plaintiff in the Hamilton County Court of Common Pleas. Plaintiff invokes federal question jurisdiction in this action.  28 U.S.C. § 1331.[1]

  On February 17, 2010, a *Complaint* was filed in the Hamilton County Court of Common Pleas against Plaintiff regarding her alleged default on a promissory note for property located in Cincinnati, Ohio.  *See* Exhibit A attached to *Defendants Gianni and Collister's Motion to*

---

[1] Because complete diversity is lacking, the Court cannot exercise jurisdiction under 28 U.S.C. §1332.

*Dismiss*, Doc. No. 6.  The action was initiated by Defendant Fifth Third Bank through its attorneys, Defendants Gianni and Collister, and was assigned to Defendant Magistrate Michael Bachman, who eventually entered summary judgment against the Plaintiff in this action. *Complaint,* Doc. No. 1, at ¶ 10.

On October 6, 2010, Plaintiff filed this action, claiming that each Defendant "acted to deprive Plaintiff [ ] of her property . . . and due process." *Id.* at ¶ 1. Plaintiff claims that Defendant Magistrate Bachman should not have granted summary judgment in the foreclosure action and that he "did not conduct the hearing in accordance with either the stated rules of court or the foundation rules of a court of record." *Id.* at ¶ 11.

In her first cause of action, Plaintiff alleges: "Conspiracies violate [*sic*] RICO by [d]eceptive [t]rade practice, threat of extortion, collusion, coercion and obstruction of justice by Defendant(s) without due process of law." *Complaint*, at 5.  In her second cause of action, Plaintiff alleges that Defendants conspired to inflict emotional distress which has "dest[royed] her trust in so-called justice system." *Id.*  In her third cause of action, Plaintiff claims "[t]respass on the case [and] [c]ommon [l]aw [c]onspiracy . . . ." *Id.*  Her fourth cause of action alleges "[t]respass on the [c]ase [n]egligence" on the part of Defendant Magistrate Bachman for allegedly breaching a duty to uphold the law. *Id.* at 6.  Finally, in her fifth cause of action, Plaintiff claims "[t]respass on the case [v]icarious [l]iability" on the part of Defendant Fifth Third Bank.  *Id.*  Plaintiff seeks monetary and injunctive relief.

The Defendants have filed *Motions to Dismiss* Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).  The Court now considers the merits of these motions.

**II.**

Defendant Fifth Third Bank moves for dismissal pursuant to Rules 12(b)(1), arguing that the *Complaint* fails to allege a cognizable claim arising under federal law. When a motion to dismiss addresses the court's jurisdiction, a plaintiff has the burden of establishing jurisdiction in order to survive the motion. *See Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). "Specifically, the plaintiff must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" *Id.*, quoting *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). The plaintiff can survive such a motion if she can show "'any arguable basis in law' for the claims set forth in the complaint." *Id.*

According to Defendant Fifth Third Bank, Plaintiff "apparently believes some error was committed in the Court of Common Pleas. However, . . . her remedy was through an appeal to the Ohio Court of Appeals, not a complaint in this court." *Motion to Dismiss*, Doc. No. 5, at 2. The *Rooker-Feldman* doctrine makes clear that federal District Courts do not sit in appellate review of state court proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine bars the relitigation of claims raised in state court proceedings as well as claim that are "inextricably intertwined" with claims asserted there. *Pieper v. American Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003). "In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction . . . ." *Id.* A fair, even liberal, reading of the *pro se Complaint, see Haines v. Kerner,* 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)*,* makes clear

3

that Plaintiff intends by this action to challenge the judgment entered against her in the Court of Common Pleas. Because this Court lacks jurisdiction over such challenges, this action cannot proceed.

### III.

Defendants also seek dismissal pursuant to Rule 12(b)(6), arguing that the *Complaint* fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983); *Carter v. Welles-Bowen Realty, Inc.*, 493 F. Supp. 2d 921, 923 (S.D. Ohio 2007). In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff and all well-pleaded facts must be accepted as true. *See Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). Recently, the Supreme Court of the United States explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). However, a plaintiff's ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. at 1965. In short, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Plaintiff has filed a collective response to the Defendants' *Motions*, referring to various statutes, cases and definitions and arguing, in conclusory fashion, that her "[a]ction of [t]respass" should not be dismissed. *Plaintiff's Memorandum contra*, Doc. No. 14, at 8. When a *pro se*

4

litigant's complaint makes only vague and conclusory allegations unsupported by material facts, dismissal under Rule 12(b)(6) is appropriate.  *See Becker v. Ohio State Legal Services, Ass'n*, 19 Fed. Appx. 321, 322-23 (6th Cir. 2001).

Although the *Complaint* refers vaguely to RICO,[2] Plaintiff offers no facts to support such a claim.  The Court also concludes that the *Complaint* fails to allege facts sufficient to support a claim for intentional infliction of emotional distress.   Under Ohio law, such a claim requires evidence of "extreme and outrageous conduct intentionally or recklessly [that] causes serious emotional injury to another."  *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 6 Ohio St.3d 369, 374 (Ohio 1983).  In the Court's view, the initiation and resolution of a civil foreclosure action does not constitute such misconduct.  Furthermore, Plaintiff offers no facts in support of her trespass claims.  Finally, judges such as Defendant Magistrate Bachman are absolutely immune from liability for monetary damages in connection with actions undertaken in his judicial capacity.  *See  Stump v. Sparkman,* 436 U.S. 951 (1978).  In this case, Magistrate Bachman's acts in connection with the foreclosure action fell well within the jurisdiction of a court in the State of Ohio.  *See* O.R.C. § 2305.01.  *See Watson v. Suster,* 2007 WL 613889, *2 (Ohio Ct. App. 2007)(unpublished)(magistrates possessed "the necessary jurisdiction to hear the underlying action in foreclosure").

In sum, the Court concludes that it lacks subject matter jurisdiction to entertain Plaintiff's claims and that the *Complaint* fails to state a claim upon which relief can be granted.

For these reasons,  it is **RECOMMENDED** that Defendants' *Motions to Dismiss*, **Doc.**

---

[2]In order to establish a RICO claim under 18 U.S.C. § 1962, a plaintiff must allege (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.  *See Moon v. Harrison Piping Supply*, 465 F.3d  723 (6th Cir. 2006).

**Nos. 5, 6 and 11** be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

        *s/ Norah McCann King*
        **Norah McCann King**
        **United States Magistrate Judge**

**February 28, 2011**